UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62323-CIV-COHN/SELTZER

ANTHONY BRYSON SR.,

    Plaintiff,

v.

OTTO BERGES; BERGES LAW
GROUP, P.A.; CONSUMER
PROTECTION COUNSEL, P.A.;
DEBT BE GONE LLC; and
GREGORY FISHMAN,

    Defendants.
_____/

## ORDER GRANTING MOTION TO AMEND COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to File an Amended Complaint [DE 39] ("Motion"). The Court has carefully reviewed the Motion, Defendants' Response [DE 40], Plaintiff's Reply [DE 41], and the entire case record.

Plaintiff brought this action against Defendants for alleged violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679–1679j. See DE 1 (Compl.). Defendants moved to dismiss the Complaint, arguing primarily that none of them is a "credit repair organization" within the meaning of the CROA. See DE 17; 15 U.S.C. § 1679a(3). After certain discovery was completed, Plaintiff filed his present Motion. Plaintiff seeks to file an Amended Complaint that (1) adds factual allegations concerning Defendants' relationship and unlawful activities, (2) joins another Defendant that allegedly received part of the payments that Plaintiff made to Defendant Consumer Protection Counsel, P.A.; and (3) pleads new state-law claims against Defendants. See DE 39.

Plaintiff filed his Motion on February 10, 2015—more than two months after the Scheduling Order's December 4, 2014, deadline for joinder of parties and amendment of pleadings.  See DE 25 at 1.  A pretrial scheduling order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  And the "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16(b) advisory committee notes (1983)).  Thus, to obtain leave to amend, Plaintiff must first show that he acted diligently in trying to meet the joinder-and-amendment deadline.  See id. at 1419; see also S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009) (per curiam) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b).").

Plaintiff's Motion explains that his proposed amendments are based largely on facts that he first learned from discovery responses and depositions in mid-to-late January 2015.  The Motion further states that this information, though known by Defendants throughout the case, was not available to Plaintiff before discovery.  Once he obtained this new information, Plaintiff acted diligently in seeking leave to amend.  These facts demonstrate good cause for allowing Plaintiff to amend his Complaint even though the joinder-and-amendment deadline has passed.

Also, Plaintiff's requested amendments are otherwise permissible.  A court "should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  And the Supreme Court has construed this standard broadly:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the interests of justice support granting Plaintiff leave to amend his Complaint. See Fed. R. Civ. P. 15(a)(2). The record shows neither undue delay by Plaintiff nor any other reason that would justify denying leave to amend. See Foman, 371 U.S. at 182. Again, the proposed amendments are based mainly on facts that Plaintiff first learned during discovery and could not have obtained earlier. The Court thus concludes that Plaintiff should be allowed to file his Amended Complaint. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Leave to File an Amended Complaint [DE 39] is **GRANTED**;

2. Plaintiff shall file his Amended Complaint as a separate docket entry in CM/ECF by **March 20, 2015**;

3. Defendants shall respond to Plaintiff's Amended Complaint by **April 3, 2015**; and

4. Given Plaintiff's filing of an Amended Complaint, Defendants' Motion to Dismiss [DE 17] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of March, 2015.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF