UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:14-cv-62323-JIC

ANTHONY BRYSON, SR.,

                Plaintiff,

    v.

OTTO BERGES, et al.

                Defendants. /

**UNITED STATES OF AMERICA'S NOTICE OF POTENTIAL PARTICIPATION**

On April 3, 2015, the Defendants in this action filed a notice of constitutional challenge to the Credit Repair Organizations Act, 15 U.S.C. §§ 1679*ff* ("CROA"). *See* Dkt. 66. *See also* Dkt. 64 & 65. On May 29, 2015, the United States informed the Court that it believed intervention at that time to be premature because the challenge had only been presented in the pleadings. Dkt. 108. The United States also explained its view that the doctrine of constitutional avoidance supported deferral of a decision on intervention, as the case might be resolved without the need to address Defendants' constitutional challenge. *Id.* Finally, the United States requested that if the Defendants were to seek a Court ruling on the constitutionality of CROA, the Court notify the United States of the filing and allow the United States sixty days to intervene. *Id.*

The United States has not received notice of any such challenge, and it does not appear from the docket that Defendants have requested a ruling from the Court on the constitutional question in any dispositive motion. Instead, Defendants now appear to be urging the Court to submit the issue of CROA's constitutionality to the jury at trial. *See* Dkt. 157 at 7-12.

1

Defendants have even submitted proposed jury instructions based on Defendants' conception of the applicable First Amendment standard.  *See* Dkt. 150-1 at 40-42.

In light of Defendants' position, and the upcoming jury trial, counsel for the United States will proceed, out of an abundance of caution, to seek authorization from the Solicitor General to intervene in this litigation for the limited purposes of the defending the constitutionality of CROA.  See 28 U.S.C. § 2403.  Until a decision on authorization has been reached, the United States respectfully submits that a decision as to the constitutionality of the statute would be premature, as the United States has not had the opportunity to express its views, and the doctrine of constitutional avoidance requires predicate factual questions, such as whether CROA applies to Defendants, to be decided.  Dkt. 145 at 8-11 & n. 5.  Since the statute may not be found to apply at all, it would be premature to reach the merits of Defendants' constitutional challenge.  *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981) ("[P]rior to reaching any constitutional question, federal courts must consider nonconstitutional grounds for decision."); *Clay v. Sun Ins. Office Limited*, 363 U.S. 207, 209 (1960) ("By the settled canons of constitutional adjudication the constitutional issue should have been reached only if, after decision of two non-constitutional questions, decision was compelled.").

Moreover, the constitutionality of the challenged statute is a purely legal question for the Court, not the jury, to decide.  *See*, *e.g.*, *United States v. Cespedes*, 151 F.3d 1329, 1331 (11th Cir. 1998); *see also*, *e.g.*, *FM Properties Operating Co. v. City of Austin*, 93 F.3d 167, 172 n. 6 (5th Cir. 1996) (finding that district court erroneously submitted question of law to the jury). Further, the need for substantive briefing on this issue is underscored by the parties' recent filings, which disagree as to the appropriate legal standard.   Finally, deferral of the issue would

allow the United States time to secure appropriate authorization to intervene and participate in any argument, as is contemplated by 28 U.S.C. § 2402 and Fed. R. Civ. P. 5.1. Such a decision generally takes at least several weeks.

     Accordingly, the United States respectfully requests that the Court defer any decision on the constitutionality of CROA until the United States has had a chance to be heard on the issue. In the interim, predicate factual issues may be decided that may obviate the need to reach the constitutional issue. The undersigned counsel will update the Court if and when authorization to intervene is granted.

Dated:  September 2, 2015                               Respectfully submitted,

                                                                 BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

WIFREDO A. FERRER
United States Attorney

ERIC WOMACK
Assistant Branch Director

By:  */s/ Peter M. Bryce*
PETER M. BRYCE
Special Fla. # A5502094
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 616-8335
Facsimile:   (202) 616-8470
Peter.Bryce@usdoj.gov

*Counsel for the United States*

3

**Certificate of Service**

   **I hereby certify** that on September 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for any counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              /s/   Peter M. Bryce
              Peter M. Bryce
              *Counsel for the United States*

**SERVICE LIST**

**Bryson v. Berges, et al.**
**Case No. 14-62323-CIV-JIC**

Heidi N. Miller
DeLadurantey Law Office LLC
735 W. Wisconsin Avenue
Suite 720
Milwaukee, WI 53233
414-377-0515
Email: heidi@dela-law.com

*Via ECF*

Nathan E. DeLadurantey
DeLadurantey Law Office LLC
735 W. Wisonsin Avenue
Suite 720
Milwaukee, WI 53233
414-377-0515
Email: nathan@dela-law.com

*Via ECF*

Chad Thomas Van Horn
Van Horn Law Group, P.A.
330 N. Andrews Ave.
Suite 450
Fort Lauderdale, FL 33301
954-765-3166
Fax: 954-756-7103
Email: chad@cvhlawgroup.com

*Via ECF*

Dorothy Patricia Wallace
Mathews Wallace, LLP
Courthouse Law Plaza
212 SE 8th Street
Suite 103
Ft. Lauderdale, FL 33316
954-463-1929
Fax: 954 463-1920
Email: pwallace@wjmlawfirm.com

*Via ECF*

Richard Joseph Zaden
Seiler, Sautter, Zaden, Rimes & Wahlbrink
2850 N Andrews Avenue
Fort Lauderdale, FL 33311
954-568-7000
Fax: 954-568-2152
Email: RZADEN@SSZRLAW.COM

*Via ECF*

Steven A. Wahlbrink
Seiler, Sautter, Zaden, Rimes & Wahlbrink
2850 North Andrews Avenue
Fort Lauderdale, FL 33311
954-568-7000
Fax: 954-568-2152
Email: swahlbrink@sszrlaw.com

*Via ECF*