UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62323-CIV-COHN/SELTZER

ANTHONY BRYSON SR.,

    Plaintiff,

v.

OTTO BERGES; BERGES LAW
GROUP, P.A.; CONSUMER
PROTECTION COUNSEL, P.A.; DEBT
BE GONE LLC; GREGORY FISHMAN;
and SHIELDED NETWORK, LLC,
f/k/a Shielded Legal Network, LLC,

    Defendants.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this

case.

When I have finished you will go to the jury room and begin your discussions,

sometimes called deliberations.

**The Duty to Follow Instructions—Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### Alter Ego—Corporation as Alter Ego of Stockholder

In this case, Plaintiff Anthony Bryson Sr. claims that Defendants Consumer Protection Counsel, P.A., and Bergés Law Group, P.A., were Defendant Otto Bergés's mere instruments or tools—what the law calls an alter ego. Likewise, the Plaintiff claims that Defendant Debt Be Gone, LLC, was the alter ego of Defendant Gregory Fishman. Should you find that the Plaintiff has proved these claims by a preponderance of the evidence, the law requires you to (1) disregard the separate statuses of Consumer Protection Counsel and Bergés Law Group, and hold Otto Bergés legally responsible for the acts of those companies; and/or (2) disregard the separate status of Debt Be Gone, LLC, and hold Gregory Fishman legally responsible for the acts of that company.

Under our free-enterprise economic system, the law permits—even encourages—people to form corporations as a way to attract stockholder investments. Stockholders can invest their money in corporate enterprises without risking individual liability for corporate acts and transactions. In return, society gets the benefit of jobs and other commercial activity that corporate businesses create. So, in most cases, the status of a corporation as a separate legal entity apart from its owners or stockholders must be respected and preserved.

But this rule is not absolute, and you can disregard the separate status of a corporation when a stockholder uses the corporation as a mere tool for the purpose of evading or violating a statutory or other legal duty, or for accomplishing some fraud or other illegal purpose.

To decide whether to treat the corporate Defendants as the alter egos of the individual Defendants, you should consider:

(a)   the purpose for which the stockholder formed or acquired the corporations;

(b)   whether the corporations kept books and records, held regular director meetings, and observed other corporate legal formalities;

(c)   whether the corporate funds were comingled with the stockholder's funds;

(d)   the activity or inactivity of others as officers or directors in the corporations' business affairs; and

(e)   any other factors the evidence disclosed tending to show that the corporations were or were not operated as entities separate from their owner.

### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Responsibility for Proof—Plaintiff's Claims—Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

*Two*
Three different claims are involved in this case, and you should consider each claim separately from the other claims. Also, you should consider each claim separately as it pertains to each Defendant against whom the claim is asserted.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

## Stipulations

Sometimes the parties have agreed that certain facts are true.  This agreement is called a stipulation.  You must treat these facts as proved for this case.

## Credit Repair Organizations Act—15 U.S.C. §§ 1679–1679j

In his first claim, Plaintiff Anthony Bryson Sr. seeks to recover damages from
Defendants Otto Bergés; Bergés Law Group, P.A.; Consumer Protection Counsel, P.A.;
Debt Be Gone LLC; and Gregory Fishman for these Defendants' alleged violations of
the federal Credit Repair Organizations Act, or "CROA."

To prevail on this claim against each Defendant, the Plaintiff first must prove by
a preponderance of the evidence that the Defendant is a "credit repair organization."
If the Plaintiff makes this showing, he then must prove by a preponderance of the
evidence one or more of the following facts:

1.  The Defendant charged or received money for performing any service for
    the Plaintiff before that service was fully performed;

2.  The Defendant performed a service for the Plaintiff, but the Plaintiff did
    not first sign a written contract that included all items required by the
    CROA; or

3.  The Plaintiff signed a written contract with the Defendant, but the
    Defendant did not give the Plaintiff a cancellation form with the contract or
    a copy of the contract when it was fully signed.

I will explain each of these issues more in a moment.

If you find in the Plaintiff's favor for each fact he must prove, you must consider
the Plaintiff's compensatory damages.  When considering the issue of the Plaintiff's
compensatory damages, you should determine what amount, if any, has been proven
by the Plaintiff by a preponderance of the evidence as full, just, and reasonable
compensation for all of the Plaintiff's damages as a result of the Defendants' CROA
violations, no more and no less.  Compensatory damages are not allowed as a

punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork. You should consider the following element of damages, to the extent you find that the Plaintiff has proved it by a preponderance of the evidence, and no others: the amount of money that the Plaintiff paid to the Defendants.

The Plaintiff also claims that the Defendants' acts were done with malice or reckless indifference to the Plaintiff's federally protected rights, which would entitle him to punitive damages in addition to compensatory damages. The Plaintiff must prove by a preponderance of the evidence that he is entitled to punitive damages. You will only reach the issue of punitive damages if you find that the Plaintiff has proved the elements of his claim against the Defendants, and you award the Plaintiff compensatory damages.

If you find for the Plaintiff and find that the Defendants acted with malice or reckless indifference to the Plaintiff's federally protected rights, the law allows you, in your discretion, to award the Plaintiff punitive damages as a punishment for the Defendants and as a deterrent to others.

A person acts with malice if the person's conduct is motivated by evil intent or motive. A person acts with reckless indifference to the protected federal rights of another person when the person engages in conduct with a callous disregard for whether the conduct violates those protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding the Defendants' financial resources in fixing the amount of such damages. You also may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

11

### Meaning of Credit Repair Organization

You must first determine whether each Defendant is a credit repair organization.

To be a credit repair organization, an individual or entity must meet these requirements:

1. Use an instrumentality of interstate commerce or mails;

2. To sell, provide, or perform (or represent that it could do so);

3. In return for money or other valuable consideration;

4. Services or advice about services for the express or implied purpose of improving a consumer's credit record, credit history, or credit rating.

If you find that any Defendant is not a credit repair organization, your verdict should be for that Defendant on the Plaintiff's CROA claim.

## Payment Before Services Fully Performed

If you find that a Defendant is a credit repair organization, you must then decide whether that Defendant charged or received money or other valuable consideration to perform any service for the Plaintiff before such service was fully performed.  To prove that a Defendant violated this provision of the CROA, the Plaintiff must show by a preponderance of the evidence that

1.    The Defendant charged or received money or other valuable consideration from the Plaintiff to perform an agreed-upon service; and

2.    The money or other consideration was charged or received before the Defendant fully performed the service for the Plaintiff.

## Written Contract Requirements

If you find that a Defendant is a credit repair organization, you must also decide whether the Defendant performed any services for the Plaintiff and, if so, whether the Plaintiff had first signed a written contract with the Defendant that included all of several items required by the CROA.

To prove that a Defendant violated this provision of the CROA, the Plaintiff must show by a preponderance of the evidence that

1.    The Defendant performed services for the Plaintiff; and

2.    Before the services were performed, the Plaintiff did <u>not</u> sign a contract that included all of the following items:

     a.    all guarantees of performance;

     b.    an estimate of the date by which the performance of the services (to be performed by the Defendant or any other person) would be complete or the length of time necessary to perform the services;

     c.    the Defendant's name and principal business address; and

     d.    a statement in bold type advising the Plaintiff that he could cancel the contract within three business days.

14

**Documents Required with Contract**

If you find that a Defendant is a credit repair organization, you must further determine whether the Defendant entered into a written contract with the Plaintiff and, if so, whether the Defendant provided the Plaintiff with a cancellation form accompanying the contract and a copy of the completed contract when it was signed.

To prove that a Defendant violated this provision of the CROA, the Plaintiff must show by a preponderance of the evidence that

1.  The Defendant entered into a written contract with the Plaintiff; and

2.  The Defendant did not provide the Plaintiff with

    a.   a separate cancellation form accompanying the contract; and

    b.   a copy of the completed contract when it was signed.

**Florida's Credit Service Organizations Act—Fla. Stat. §§ 817.7001– 817.706**

In his second claim, Plaintiff Anthony Bryson Sr. seeks to recover damages from Defendants Otto Bergés; Bergés Law Group, P.A.; Consumer Protection Counsel, P.A.; Debt Be Gone LLC; and Gregory Fishman for these Defendants' alleged violations of Florida's Credit Service Organizations Act, or "FCSOA."

To prevail on this claim, the Plaintiff first must prove by a preponderance of the evidence that he is a "buyer." Further, to establish his claim against each Defendant, the Plaintiff must show by a preponderance of the evidence that the Defendant is a "credit service organization." If the Plaintiff makes these showings, he then must prove by a preponderance of the evidence one or more of the following facts:

1. The Defendant charged or received money to perform any services for the Plaintiff before those services were fully and completely performed;

2. The Defendant performed services for the Plaintiff, but did not first provide him with a written information statement containing all items required by the FCSOA; or

3. The Plaintiff signed a written contract with the Defendant, but the contract did not include all items required by the FCSOA.

I will explain each of these issues more in a moment.

If you find in the Plaintiff's favor for each fact he must prove, you should determine and write on the verdict form, in dollars, the total amount of damages the preponderance of the evidence shows will fairly and adequately compensate the Plaintiff for his loss. You shall consider the following elements of damages:  the amount of money that the Plaintiff paid to the Defendants.

If you find for the Plaintiff and against the Defendants, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to one or more of the Defendants and as a deterrent to others.

The Plaintiff claims that punitive damages should be awarded against the Defendants for their conduct in violating the FCSOA.  Punitive damages are warranted against the Defendants on this claim if you find by clear and convincing evidence that the Defendants were guilty of intentional misconduct or gross negligence, which was a substantial cause of loss to the Plaintiff.  Under those circumstances you may, in your discretion, award punitive damages against the Defendants.  If clear and convincing evidence does not show such conduct by the Defendants, punitive damages are not warranted against the Defendants.

"Intentional misconduct" means that the Defendants had actual knowledge of the wrongfulness of the conduct and that there was a high probability of loss to the Plaintiff and, despite that knowledge, the Defendants intentionally pursued that course of conduct, resulting in loss to the Plaintiff.  "Gross negligence" means that the Defendants' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "preponderance of the evidence" in that it is more compelling and persuasive.  As I have already instructed you, a "preponderance of the evidence" means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If you decide that punitive damages that are warranted against one or more of the Defendants then you must decide the amount of punitive damages, if any, to be assessed as punishment against the Defendants and as a deterrent to others.  This

17

amount would be in addition to the compensatory damages you have previously awarded.  In making this determination, you should consider the following:

1.    the nature, extent and degree of misconduct and the related circumstances, including the following:

   a.    whether the wrongful conduct was motivated solely by unreasonable financial gain;

   b.    whether, at the time of loss, the Defendants had a specific intent to harm the Plaintiff and the conduct of the Defendants did in fact harm the Plaintiff; and

2.    the financial resources of the Defendants.

You may in your discretion decline to assess punitive damages.  You may assess punitive damages against one Defendant and not the others or against more than one Defendant.  Punitive damages may be assessed against different Defendants in different amounts.

## Meaning of Buyer and Credit Service Organization

You must first determine whether the Plaintiff is a buyer and whether each Defendant is a credit service organization.

A buyer means any individual who is solicited to purchase, or who purchases, the services of a credit service organization.

A credit service organization is an individual or entity that

1.     Sells, provides, or performs (or represents that it could do so);

2.     In return for money or other valuable consideration;

3.     Services or advice about services to improve a buyer's credit record,

       history, or rating, or to obtain an extension of credit for a buyer.

A credit service organization does <u>not</u> include any person licensed to practice law in this state if the person renders services within the course and scope of his or her practice as an attorney and does not engage in the credit service business on a regular and continuing basis.

If you find that the Plaintiff is not a buyer, your verdict should be for all the Defendants on the Plaintiff's FCSOA claim. If you find that any Defendant is not a credit service organization, your verdict should be for that Defendant on the Plaintiff's FCSOA claim.

**Payment Before Services Fully and Completely Performed**

If you find that a Defendant is a credit service organization, you must then decide whether that Defendant charged or received money or other valuable consideration to perform any services for the Plaintiff before those services were fully and completely performed. To prove that a Defendant violated this provision of the FCSOA, the Plaintiff must show by a preponderance of the evidence that

1.   The Defendant charged or received money or other valuable consideration from the Plaintiff to perform agreed-upon services; and

2.   The money or other consideration was charged or received before the Defendant fully and completely performed the services for the Plaintiff.

20

## Information Statement

If you find that a Defendant is a credit service organization, you must further determine whether the Defendant performed services for the Plaintiff without first giving him an information statement that disclosed certain information required by the FCSOA.

To prove that a Defendant violated this provision of the FCSOA, the Plaintiff must show by a preponderance of the evidence that

1.　　The Defendant provided services to the Plaintiff; and

2.　　Before providing those services, the Defendant did <u>not</u> furnish the Plaintiff with an information statement that specified

　　　a.　　the Plaintiff's rights with respect to credit-reporting agencies;

　　　b.　　a full description of the services to be performed by the Defendant; and

　　　c.　　the total amount that the Plaintiff would have to pay for those services.

## Written Contract Requirements

If you find that a Defendant is a credit service organization, you must also decide whether the Plaintiff signed a written contract with the Defendant, but the contract failed to include all of several items required by the FCSOA.

To prove that a Defendant violated this provision of the FCSOA, the Plaintiff must show by a preponderance of the evidence that

1. The Plaintiff signed a written contract with the Defendant for services; and

2. The contract did not contain one or more of the following items:

   a. a statement in bold type advising the Plaintiff that he could cancel the contract within five days;

   b. the terms and conditions of payment, including the total of all payments to be made by the Plaintiff;

   c. the Defendant's principal business address and the name and address of its in-state agent authorized to receive service of process; and

   d. an attached Notice of Cancellation form.

## Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Election of Foreperson; Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, and date it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom.  Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.